IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATRINA WILLIAMS, KRYSTAL WILLIAMS,
AND ROSETTA ROBINSON

PLAINTIFFS

V.                      CASE NO. 4:03-CV-1017 (RSW)

*6-H*

LUCKIE BREWER                                      DEFENDANT

## ORDER FOR FINAL PRETRIAL CONFERENCE

### IT IS ORDERED:

A final pretrial conference will be held by video-
conference before this court at the Richard Sheppard Arnold
United States Courthouse, 600 West Capitol Avenue, Little
Rock, Arkansas on **Thursday, September 8, 2005, at 10:00 a.m.
in Courtroom No. 570.**

The conference shall be attended by lead counsel for
each party, with authorization to bind the party on all
matters addressed at the conference.

Prior to the date of the final pretrial conference,
counsel shall confer in person or by telephone (not just in
writing) for the purpose of preparing a joint Final Pretrial
Statement and examining and marking exhibits as indicated in
this Order. **The proposed Final Pretrial Statement must be**

-1-

**received by the court in advance of the Final Pretrial conference either by U.S. Mail or Facsimile transmission.**

**Final Pretrial Statement and Stipulations:** Counsel will jointly prepare for submission to the court at the pretrial conference a Final Pretrial Statement in substantially the same form as the attached sample. Rule 26(a)(3) disclosures shall be incorporated in the Final Pretrial Statement.

Counsel are not required to stipulate or waive anything. They are required to confer in advance of the conference and prepare and sign a joint final pretrial statement covering the matters set out in this order for pretrial. The joint final pretrial statement, including exhibit list, preservation of objections to exhibits, and designation of deposition testimony must be submitted to the court at the final pretrial conference. If counsel are able to stipulate uncontested facts and stipulate admissibility of exhibits or at least waiver of foundation for exhibits, it will expedite the trial of the case.

The Final Pretrial Statement must be complete and signed by all counsel, signifying acceptance, and upon approval of the court, with such additions as are necessary,

will be signed by the court as an order reflecting the final pretrial conference.

**Exhibits:** Counsel are directed to complete the physical marking and numbering of all papers and objects expected to be introduced as exhibits. The exhibits are to be marked with an exhibit sticker. All exhibits in the case are to be numbered consecutively using a "P" for plaintiff and "D" for defendant **(for example P1-P20, D31-D40, leaving a sufficient gap for unanticipated or rebuttal exhibits),** and listed in the form of the attached sample (including horizontal and vertical lines as indicated). Counsel will retain the exhibits in their possession but shall submit the list as an attachment to the Final Pretrial Statement. Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence. Each listed exhibit shall be designated as "will offer" or "may offer." Documents to be used solely for rebuttal purposes need not be numbered or listed until identified at trial.

Failure to list an exhibit required by this order to be listed or to disclose such exhibit to adverse counsel will result, except upon a showing of good cause, in the

nonadmissibility of the exhibit into evidence at the trial.
Each party shall make its exhibits available for inspection
by other parties prior to the pretrial conference.

For each listed exhibit, counsel shall determine
whether they will stipulate to admissibility for all
purposes or at least waive foundation for the opposing
party's exhibits. The court strongly encourages such
agreement and expects counsel to at least waive foundation,
unless there is a strong, specific objection to a particular
exhibit. Any stipulation to admissibility or waiver of
foundation shall be indicated in the appropriate column on
the exhibit list.

The nonoffering party shall list in the final pretrial
statement any objections of that party to admissibility of
exhibits listed by the offering party. Objections not so
preserved (other than objections under Federal Rules of
Evidence 402 and 403) shall be deemed waived unless excused
by the court for good cause shown. See Fed. R. Civ. Pro.
26(a)(3). Timely submission of the pretrial statement will
comply with the deadline in Rule 26(a)(3).

**Expert Reports: Copies of expert reports prepared in
accordance with Rule 26(a)(2)(B) by those experts the**

**parties anticipate calling as witnesses at trial shall be submitted to the court as an attachment to the Final Pretrial Statement. Any confidential psychological reports and other medical reports should be submitted under "seal" with the proposed final pretrial statement.**

**Failure to file the report(s) required by this order may result in the exclusion of the expert's testimony, except upon a showing of good cause. The disclosure of the report(s) shall otherwise be made by the parties in accordance with the scheduling order of the court.**

**Depositions:** The offering party shall designate in the pretrial statement those portions of any depositions which will be presented at trial, and the manner in which each of those depositions was recorded. A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation. Timely submission of the pretrial statement will comply with the deadline in Rule 26(a)(3).

The other parties shall have **five business days** before trial to designate additional portions of any deposition appearing on the offering party's list.

Any party who objects to admissibility of deposition testimony to be offered shall have until 4 days prior to trial to file a list of objections it intends to preserve. All other objections will be deemed waived. Counsel shall then confer prior to commencement of the trial to edit the depositions.

As to any deposition which <u>may</u> be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least 48 hours in advance that it <u>will</u> be offering the deposition at trial, and identify the portions to be offered. The other parties shall then have 24 hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony. Objections not specifically preserved will be deemed waived. Counsel shall then confer prior to the offering of the deposition to edit the testimony.

**Jury Instructions**: In jury cases, an <u>agreed upon</u> set of jury instructions and verdict form shall be submitted to the court **five business days** prior to trial. The original shall be filed with the clerk and two copies sent to the trial judge along with a computer disk version, if possible,

in WordPerfect 9.0 format. A party requesting an instruction upon which counsel cannot agree should submit that instruction, along with a statement of authority to the court. There is reserved to counsel the right to supplement requests for instructions during the course of the trial, or at the conclusion of the evidence, on matters that cannot reasonably be anticipated.

**Trial Memorandum**: Counsel for the respective parties shall file a trial memorandum with proof of service upon opposing counsel with the clerk, for presentment to the court, at least five (5) days before the commencement of trial. The trial memorandum shall contain: A general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

**Motions in Limine**: Motions in limine shall be filed at least thirty (30) days prior to trial unless otherwise instructed by the court.

**Failure to Appear/Comply**: Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 25th day of July, 2005.

_____
RODNEY S. WEBB
DISTRICT JUDGE

-8-

IN THE UNITED STATES DISTRICT COURT
S A M P L E    FOR THE DISTRICT OF NORTH DAKOTA
_____DIVISION

```
                    )
                    )
                    )
   Caption of Case  )   Civil No. _____
                    )
                    )
```

### FINAL PRETRIAL STATEMENT

A final pretrial conference was held on the _____ day of
_____, 20__

Appearing for the parties as counsel were:   (List the counsel who will attend the final pretrial conference).

1.  <u>Exhibit List</u>:  A list of the exhibits to be offered by the parties is attached to this statement, including a "will offer" or "may offer" designation.

The list indicates which exhibits the parties stipulate be received in evidence and available for use at trial for all purposes (unless otherwise indicated below), and for which exhibits the parties (though not stipulating to admissibility) have agreed to waive foundation.

Plaintiff specifically objects to the following exhibits listed by defendant(s):

<u>Exhibit No.</u>             <u>Ground(s) of Objection</u>

Defendant specifically objects to the following exhibits listed by plaintiff(s):

<u>Exhibit No.</u>             <u>Ground(s) of Objection</u>

2.  <u>Fact Witnesses</u>:

A.  Plaintiffs -- All witnesses, other than experts, to be called to testify by plaintiff(s), except those who may be called for rebuttal purposes only, are: (Designate in manner set out below)

| <u>Name of Witness</u><br><u>Address/Tel.No.</u> | <u>Will Call/</u><br><u>May Call</u> | <u>Indicate if by</u><br><u>Written/Video Deposition</u><br><u>or Videoconference</u> |
|---|---|---|

B.   Defendants -- All witnesses, other than experts, to be called to testify by defendant(s), except those listed in the preceding paragraph as expected to be called by the plaintiff(s) and except those who may be called for rebuttal purposes only, are: (Designate in manner set out above)

(If there are other parties, a similar list is to be made for each.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except rebuttal.

3.   Expert Witnesses:

A.   Plaintiff(s) -- The expert witnesses to be called by plaintiff(s) are:   (Designate in manner set out below)

| Name & Address | Field of Expertise | Issues | Indicate if by Written/Video Deposition or Videoconference |
|---|---|---|---|

B.   Defendant(s) -- The expert witnesses to be called by defendant(s) are:   (Designate in manner set out above)

**NOTE: Expert reports prepared in accordance with Rule 26(a)(2)(B) by those experts the parties anticipate calling as a witness at trial shall be submitted to the court as an attachment to the Final Pretrial Statement.**

4.   Depositions:   Plaintiff hereby designates the following deposition testimony that will be offered at trial:

Name of Witness                    Deposition pages & lines

Defendant hereby designates the following deposition testimony that will be offered at trial:

Name of Witness                    Deposition pages & lines

5.   Discovery Materials:   All specific answers to written interrogatories or responses to requests for admissions which are expected to be offered in evidence by the plaintiff, except for impeachment or rebuttal purposes only, are:   (Specifically designate answers to interrogatories and responses to requests for

admissions by answer or response number).

All answers to written interrogatories or responses to requests for admissions which are expected to be offered in evidence by the defendant, except for impeachment or rebuttal purposes only, are: (Specifically designate in the manner set out above).

(If there are other parties, a designation should be made by each.)

(Discovery materials to be offered in evidence shall not be filed prior to commencement of trial. The clerk will file the materials as they are offered in evidence. At the conclusion of trial, discovery material which has been received in evidence may be withdrawn.)

6. Uncontroverted Facts: The parties agree that the following may be accepted as established facts for purposes of this case only:

7. Issues to be Determined at Trial: The issues remaining to be determined at trial are: (separately & specifically list each genuinely controverted issue on the merits).

8. Other Issues for the Court's Attention: Other matters requiring the court's attention prior to or during trial are: (List legal and procedural issues to which the court should be alerted).

9. The parties do/do not agree to waive exclusion of witnesses from the courtroom pending completion of their testimony.

10. Length & type of trial: Counsel estimate the trial will consume not less than _____ day(s), nor more than _____ days. Trial will be (jury/nonjury).

(Signatures of all counsel, signifying acceptance).

## ORDER

The foregoing Final Pretrial Statement is adopted as the order of the court with the following modifications:

Dated: _____                                    .

_____
Rodney S. Webb
United States District Court Judge

EXHIBIT LIST - - CIVIL/CRIMINAL CASE NO.
CASE TITLE:

| P/D NO. | DATE | WITNESS | DESCRIPTION | *STIPULATED | OFFERED | OBJECTION | RESERVED | OVERRULED | SUSTAINED | WITHDRAWN | RECEIVED |
|---------|------|---------|-------------|-------------|---------|-----------|----------|-----------|-----------|-----------|----------|
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |

*F-Foundation only
*A-Admitted into Evidence for all purposes

Irregular Exhibits: _____