IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATRINA WILLIAMS, KRYSTAL WILLIAMS,
AND ROSETTA ROBINSON                                               PLAINTIFFS

V.                    CASE NO. 4:03-CV-1017 (RSW)

LUCKIE BREWER                                                       DEFENDANT

## O R D E R

### I. Introduction

Before the Court is a Motion In Limine filed by the defendant, Luckie Brewer (doc. #73). The defendant requests that the Court preclude the plaintiffs from introducing evidence on a variety of subjects. The Court will discuss each request in turn.

### II. Discussion

Generally, this Court views motions in limine as a method of advising it of evidentiary issues that are likely to arise at trial. For this reason, the Court usually denies the motions and allows the parties to renew their objections at trial. This procedure allows the Court to see how the evidence objected to fits within the facts as developed in the context of trial. Additionally, the Court avoids making premature evidentiary rulings on issues that may never materialize. Upon review of the instant Motion in Limine, the Court finds no reason to depart from its usual procedure. Accordingly, the defendant's Motion in Limine is **DENIED**, but the defendant may reassert his objections

at trial.

Notwithstanding the Court's denial of the Motion, the Court notes the following with respect to the issues presented:

A. Liability of Defendant's Employer

The defendant asserts that the plaintiffs should not be permitted to suggest to the jury that the defendant's employer, Gilbert Central Corporation, could be responsible for damages in this case. The Court has already denied the plaintiffs' motion to add Gilbert Central as an additional defendant. Accordingly, any potential liability of Gilbert Central for damages in this case is irrelevant and should not be presented to the jury.

B. Ownership of the Vehicle Operated by Defendant

The vehicle that Mr. Brewer was driving at the time of the accident was leased from CMF Leasing Company. The defendant argues that this fact is not relevant under Rule 401 of the Federal Rules of Evidence. The Court agrees with the defendant under the present circumstances. Ownership of the vehicle operated by the defendant is not relevant to any issues to be decided by the jury.

C. Contents of the Gilbert Central Policy Manual

In discovery, the defendant produced a copy of Gilbert Central's policy manual. The defendant argues that the contents of the Policy Manual are not relevant to this case. The Court disagrees.

The failure of Mr. Brewer to comply with a company policy does not constitute negligence per se; however, any evidence that may be illustrative of what might constitute the exercise of ordinary care in the specific situation is relevant and admissible for whatever consideration the jury wishes to give it. In addition, if the plaintiffs can prove that the entire industry had essentially the same safety policies as Gilbert Central, the Manual could be evidence of customary or industry practices. See Forest City Machine Works, Inc. v. Aderhold, 273 Ark. 33, 38, 616 S.W.2d 720, 723 (1981)(holding that compliance or noncompliance with customary or industry practices is relevant to the issue of due care).

D. Discipline by Employer

The defendant argues that the Court should not allow the plaintiff to show that Gilbert Central disciplined Mr. Brewer as a result of the accident. As stated above, Gilbert Central's policy manual may be relevant in this case. However, discipline by Mr. Brewer's employer for violation of those policies is a different situation. The standard of care in negligence cases is reasonable care under the circumstances. There is a danger that the jury would adopt Gilbert Central's conclusions surrounding the accident as their own. It is the duty of the jury to decide whether Mr. Brewer acted with reasonable care under the circumstances, not the duty of his employer. Furthermore, it is

3

likely that the relevance of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Civ. P. 403.

### E. Traffic Citation

Following the accident in question in this case, the defendant was cited for careless and prohibited driving. The defendant argues that he paid the fine for the citation and therefore the citation is inadmissible under statute.

Violation of a criminal statute or ordinance is evidence of negligence but not negligence per se. Berkeley Pump Co. v. Reed-Joseph Land Co., 279 Ark. 384, 397, 653 S.W.2d 128, 135 (1983). However, section 27-50-804 of the Arkansas Code Annotated provides, "No record of the forfeiture of a bond or of the conviction of any person for any violation of this subtitle shall be admissible as evidence in any court in any civil action." Accordingly, the only way the traffic violation is admissible is if the defendant entered a plea of guilty in open court. If the defendant merely paid the traffic ticket without appearing in court, the citation is inadmissible. Dedman v. Porch, 293 Ark. 571, 575, 739 S.W.2d 685, 687 (1987).

In the present case, the Court fully expects to instruct the jury that violation of a statute, while not necessarily an act of negligence, may be considered along with other facts and circumstances as evidence of negligence. See Ark. Model Jury

4

Instr., Civil AMI 903 (2005). Nonetheless, Mr. Brewer's traffic citation will only be admissible if he plead guilty to the violation in open court.

F. <u>Liability Insurance</u>

It is a general rule that it is improper for either party in automobile accident cases to introduce evidence of liability insurance. <u>Dovers v. Stephenson Oil Co., Inc.</u>, 354 Ark. 695, 707, 128 S.W.2d 805, 812 (2003). The Court would only deviate from this rule if evidence was presented that showed that insurance coverage is somehow relevant to an issue in this case.

G. <u>Medical Care for Rosetta Robinson</u>

The defendant argues that the Court should exclude evidence of medical care that Rosetta Robinson received related to cardiac problems that she experienced leading up to and during a knee surgery. The defendant contends that the plaintiff has insufficient evidence that such treatment was related to the accident in question.

It is black letter law that any negligence by the defendant must be the actual and proximate cause of a plaintiff's injuries. This is a matter of proof for Ms. Robinson. It will be up to the jury to decide if she has sufficiently proved that her damages were proximately caused by the defendant. The Court will not exclude such evidence before seeing it in the context of trial.

H.  Lost Income and Earnings

The defendant asserts that plaintiffs Catrina Williams and Krystal Williams should not be permitted to assert any claim that they lost income or earnings from their business, AVOF Productions. Again, this is a matter of proof to be presented at trial. It is up to the plaintiffs to produce sufficient support for their damage claims. The Court will wait and see how this issue is presented in the context of trial.

### III. Conclusion

The Court appreciates the parties notifying it of potential evidentiary problems that may arise at trial, but without knowing the context in which the plaintiff plans to introduce the evidence, the Court cannot categorically exclude the evidence. The defendant's Motion In Limine (doc. #73) is **DENIED**, but the defendant may renew the Motion at trial if necessary.

IT IS SO ORDERED, this 12th day of September, 2005.

Rodney S. Webb
RODNEY S. WEBB, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

6